DANIEL LOVELESS

v.

FRED MECHLING, use, etc.

AGENCY—PAYMENT TO AGENT.—Part payment on a note was made by A, one of the signers, to an agent of the holder, and a receipt given him for the amount. The payment was afterward handed to the holder of the note, who gave the agent a receipt for the money paid, but made no indorsement of the same upon the note. Afterwards, in a suit upon the note, judgment for the whole amount was rendered against A, he making no defense. In a suit by A against the agent, *held*, that he could not recover the amount paid to him; that he should have presented his defense in the suit upon the note ; and that the agent was not responsible for the application of the money paid him.

APPEAL from the Circuit Court of McLean county ; the

Hon. R. M. BENJAMIN, Judge, presiding.   Opinion filed October 2, 1879.

Mr. H. C. REEVES, for appellant ; that the alleged promise of the agent to pay if the receipt was not credited, was but a promise to pay the debt of another, cited Rev. Stat. 1874, 540 ; Laidlon v. Hatch, 75 Ill. 11; Chilcote v. Kile, 47 Ill. 88 ; Steele v. First Nat. Bank, 60 Ill. 23 ; Durant v. Rogers, 71 Ill. 121.

Where a person professes to act as agent and discloses his principal, he is not liable :   Seery v. Socks 29 Ill. 313; 1 Parsons on Contracts 64.

Messrs. ROWELL & HAMILTON, for appellee.

HIGBEE, J.   This suit was commenced before a justice of the peace, and appealed to the County Court of McLean county, where it was tried, and a judgment rendered against appellant, from which he prosecutes an appeal to this court.

. On the 20th day of September, 1876, Mrs. Nancy Warford held a note then due on Fred Mechling and four others for some four hundred dollars, which was called " the lodge note." Appellant, Loveless, was acting as agent for Mrs. Warford, and on that day Mechling paid him to apply on the note twenty-six dollars, and took from him the following receipt:

"Sept. 20, 1876.

" Received of F. Mechling, twenty-six dollars, to be applied on lodge note held by Nancy Warford.

" D. LOVELESS, for Nancy Warford."

The agent, Loveless, offered at the time of the payment, to credit the same on the note, but Mechling requested him not to do so, but to give him a receipt instead.   He said he did not want the credit to appear on the note, as he wanted others to pay their part, and if suit was brought on the note, he could produce the receipt and get the proper credit then.

Afterwards, Mrs. Warford sued the note, and obtained judgment against Mechling and the other makers, Mechling offering no defense.

Loveless v. Mechling.

On the same day that Loveless received the money from Mechling, he paid it over to Mrs. Warford, and took from her the following receipt therefor:

" Saybrook, Ill. Sept 20, 1876.

"Received of Daniel Loveless, twenty-six dollars ($26), in money, paid by F. Mechling on lodge note.

" NANCY WARFORD."

There is evidence in the record tending to show that Loveless afterwards promised to pay the twenty-six dollars to the plaintiff below, in case it had not been credited in the judgment. This evidence did not authorize the judgment against appellant.

He was the agent of Mrs. Warford, to whom the debt was owing, and that fact was known to Mechling when he made the payment. The receipt did not (as is argued), make him responsible personally for the application of the money. It stated the purpose for which the money was received and the demand on which it was to be applied, but it contained no agreement on the part of the agent to see that the credit was made. When appellant had paid the money to Mrs. Warford to be applied on the note, he had performed his whole duty, and when suit was brought against the makers of the note, it was the duty of Mechling, who was a party to it, if he desired the credit, to produce his receipt and prove the payment. Loveless was neither morally nor legally bound to make the defense for him.

If the demand sued for in this case was due to appellee from any one, it was Mrs. Warford who owed it, and not Loveless, her agent, and any promise on his part to pay it without a new consideration to him, would be a promise to pay the debt of another, and therefore within the Statute of Frauds, and void.

For these reasons the judgment is reversed.

Judgment reversed.